UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARELL JENKINS,

                      Plaintiff,

v.                                                                                         9:19-CV-1352
                                                                                           (GTS/TWD)

SGT. SHORT; OFFICER ONEILL; and
OFFICER LINDERMAYER,

                      Defendants.
_____

APPEARANCES:                                                                OF COUNSEL:

DARELL JENKINS, 18-A-0025
    Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA A. JAMES                                                       LAUREN ROSE EVERSLEY,
                                                                            ESQ.
Attorney General for the State of New York                                  Assistant Attorney General
    Counsel for Defendants
The Capitol
Albany, New York   12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Darell Jenkins ("Plaintiff") against the above three employees of the New York State Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. § 1983, are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion for summary judgment be granted and that Plaintiff's Complaint be dismissed with prejudice for failure to exhaust his administrative remedies, and (2) Plaintiff's

Objection to the Report-Recommendation.  (Dkt. Nos. 29, 30-31.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I.   RELEVANT BACKGROUND

Generally, in her Report-Recommendation, Magistrate Judge Dancks found that (1) because Plaintiff failed to exhaust his available administrative remedies before filing his Complaint, Defendants' motion for summary judgment should be granted, and (2) because Plaintiff cannot at this point cure his failure to exhaust, his Complaint should be dismissed with prejudice.  (Dkt. No. 29, at 2-4, 6-13.)

Generally, in his Objection, Plaintiff asserts that his Complaint should not be dismissed with prejudice for failure to exhaust because "the Superintendent never responded back to me when I appealed the grievance."  (Dkt. No. 30.)  In addition, Plaintiff submits a decision from the Central Officer Review Committee, dated September 10, 2020, deciding his appeal.  (Dkt. No. 31.)

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1©).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's

---

and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).   Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1)(C)).

---

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### III.    ANALYSIS

After carefully considering the matter, the Court can find no error in Magistrate Judge Dancks' thorough Report-Recommendation, clear or otherwise.   Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only four points.

First, the Court is unpersuaded by Plaintiff's argument in his Objection his Complaint should not be dismissed with prejudice because "the Superintendent never responded back to me when I appealed the grievance."   The Court will set aside the fact that, literally speaking, this assertion is undermined by the record evidence: the Superintendent did respond to him, on April 30, 2020.   (*See* Dkt. No. 21, Attach. 3, at 12 [attaching decision by Superintendent dated Apr. 30, 2020].)   More important, liberally construed, Plaintiff's argument is that the Superintendent never *timely* responded to him.   The problem with this argument is that it is immaterial, because Plaintiff adduces no evidence, or even argument, that the time for the Superintendent to respond had expired by October 3, 2019 (or even that he filed an appeal to the Central Office Review Committee and failed to receive a timely response by that time).   Regardless of whether the Superintendent failed to timely respond to him, Plaintiff filed his Complaint in this action without waiting the necessary time for a response from him (and/or without filing an appeal to the Central Office Review Committee and waiting the necessary time for a response from it).

Second, the Report-Recommendation appears to repeat a typographical error contained in Defendants' Statement of Material Facts: the assertion that Plaintiff filed a grievance numbered "MS-242**6**9-19" that was distinct from the grievance that was numbered "MS-242**5**9-19."

5

(*Compare* Dkt. No. 21, Attach. 2, at ¶¶ 6-8, 12 [Defs.' Statement of Material Fact, referencing a grievance numbered "MS-242**6**9-19"] *with* Dkt. No. 21, Attach. 2, at ¶ 13 [Defs.' Statement of Material Fact, referencing a grievance numbered "MS-242**5**9-19"]; *see also* Dkt. No. 29, at 3-4, 13 [Report-Recommendation, referencing both numbers].)   In fact, the record evidence relied on by Defendants for this assertion (that there existed a grievance numbered "MS-242**6**9-19") does not support the assertion, but merely the assertion that there existed a grievance numbered "MS-242**5**9-19."   (Dkt. No. 21, Attach. 3, at ¶¶ 16, 17, 20 [Tapia Decl., referencing a grievance numbered "MS-242**5**9-19"].)

However, this typographical error does not change the correctness of the Report-Recommendation's finding and conclusion that Plaintiff failed to exhaust his available administrative remedies before he filed his Complaint in this action (pursuant to the "Prison Mailbox Rule") on October 3, 2019.   By that time, he had not received a decision of his grievance by the Superintendent, and could not realistically have appealed that decision (or the Superintendent's failure to issue a timely decision) to the Central Office Review Committee and received a response (or failed to receive a timely response) from it.

This is because attached to the Complaint (which is sworn and thus has the force and effect of an affidavit for purposes of a motion for summary judgment) is a notice dated September 27, 2019, advising Plaintiff that his five pages of previous correspondence (from September 1-3, 2019), had been received by the Inmate Grievance Program Supervisor, construed together as a grievance, assigned a grievance number, and forwarded to the Superintendent for decision.   (Dkt. No. 1, at 8.)   This failure of Plaintiff to exhaust his available administrative remedies before filing his Complaint is also asserted in Defendants' Statement of

6

Undisputed Material Facts and not controverted by Plaintiff (despite the fact that he was twice specifically advised of the consequences of failing to properly oppose Defendants' motion and was granted three extensions of time in which to do so).  (*Compare* Dkt. No. 21, Attach. 2, at ¶¶ 2, 6-8 [Defs.' Statement of Material Facts] *with* Dkt. No. 25 [Plf.'s Response].)

Third, rather than oppose Defendants' motion, Plaintiff attempts to adduce new evidence as part of his objection to the Report-Recommendation.  The Court declines to consider this late-blossoming evidence for each of two independent reasons.[5]  First, Plaintiff has not persuaded the Court that he could not have presented the evidence to Magistrate Judge Dancks before the issuance of her Report-Recommendation, thus causing a waste of judicial resources (and a frustration of the purpose of the Federal Magistrates Act of 1968) if the Court were to consider it now.  *See, supra,* note 2 and accompanying text of this Decision and Order.  The Court notes that the document appears to have been created on or soon after September 10, 2020, and Plaintiff's final response deadline was not until November 2, 2020.  Second, in any event, the document in no way shows that Plaintiff exhausted his available administrative remedies before filing his Complaint in this action; and, indeed, it contradicts any such assertion.

Fourth, and finally, although it is conceivable that this late-blossoming document could affect Magistrate Judge Dancks' finding that Plaintiff cannot now cure his failure to exhaust, the Court finds that it does not do so because, again, the Court is exercising its discretion to not consider the document: Plaintiff had a full and fair opportunity to present it to Magistrate Judge Dancks (before the issuance of her thoughtful Report-Recommendation) and he chose not to do

---

[5]  For the sake of brevity, the Court will set aside the fact that the bottom of the document appears missing, and the fact that the document is not introduced by an affidavit, rendering it somewhat questionable.

so.[6]

ACCORDINGLY, it is

ORDERED that Magistrate Dancks' Report-Recommendation (Dkt. No. 29) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Defendants' motion for summary judgement (Dkt. No. 21) is **GRANTED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**.

The Court finds that an appeal from this Decision and Order would not be taken in good faith.

Dated: March 15, 2021
       Syracuse, New York

*[signature]*
Glenn T. Suddaby
Chief U.S. District Judge

---

[6] The Court notes that any arguable prejudice to Plaintiff resulting from this exercise of the Court's discretion is lessened by the fact that, in its decision, the Central Office Review Committee granted Plaintiff the injunctive relief he requested in this action. (*Compare* Dkt. No. 1, at 5 [Complaint, requesting, as relief, "$50,000 and to be able to practice my religion and have frankenscent [sp] oils for my altar"] *with* Dkt. No. 31, at 1 [CORC Decision, accepting the grievance in part, and explaining that Plaintiff has been "permitted religious items"].)